UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

LATASHA M. TAYLOR,

       Defendant.
_____/

Case No. 19-20056
Hon. Mark A. Goldsmith

## ORDER & OPINION
## DENYING DEFENDANT LATASHA M. TAYLOR'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 21)

This matter is before the Court on Defendant Latasha M. Taylor's motion for compassionate release (Dkt. 21). Taylor pleaded guilty to theft of mail by an employee, in violation of 18 U.S.C. § 1709. See Judgement (Dkt. 20). Taylor has three months left on her fifteen-month sentence. Taylor seeks compassionate release, and she requests that the Court reduce her remaining sentence to time served, because she represents that she needs to care for her adult daughter who has hereditary angioedema. The Government concedes hereditary angioedema is a serious medical condition. Gov't Resp. at 8 (Dkt. 22). Taylor has not filed a reply brief in support of her motion. For the reasons that follow, Taylor's motion is denied.

### I.    BACKGROUND

Taylor is currently serving her sentence at Lexington FMC, in Lexington, Kentucky. In her motion, she raises general concerns about the dangers posed by COVID-19. Taylor does not assert that she has any underlying medical conditions that make her more susceptible to the severe symptoms of COVID-19. The primary reason she seeks compassionate release is because she says that she is the sole caregiver for her adult daughter. Mot. at 3. She says that her uncle was taking

care of her daughter, but he recently had surgery to remove a polyp from his stomach, and Taylor says that she needs to care for him as well. Id.

Taylor seeks a reduction in sentence from this Court under the First Step Act.

## I.     LEGAL STANDARD

The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Jones, 980 F.3d 1098, 1100 (6th Cir. 2020). A sentence modification decision under 18 U.S.C. § 3582(c)(1)(A) is a three-step inquiry. Id. A district court must first find that both "extraordinary and compelling reasons" warrant a sentence reduction, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. (quoting 18 U.S.C. § 3582(a)). If those two steps are satisfied, a district court must then consider all relevant factors under 18 U.S.C. § 3553(a).

With respect to the second step, in the commentary to U.S.S.G. § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id. The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with" the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D).

Recently, in Jones, the Sixth Circuit held that U.S.S.G 1B1.13 does not apply to imprisoned person filed motions for compassionate release, because the section is directed to the BOP. 980

F.3d at 1109. It said that, "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." Id.; accord United States v. Ruffin, 978 F.3d 1000, 1007 (6th Cir. 2020). Therefore, Taylor's motion requires a two-step inquiry asking whether extraordinary and compelling reasons warrant a sentence reduction, and whether a sentence reduction is appropriate after considering the relevant § 3553(a) factors.

## II.     ANALYSIS

Taylor seeks release based on the generalized dangers posed by COVID-19, and the need to care for her adult daughter. Neither circumstance warrants granting compassionate release.

As the Government notes correctly, "generalized fears of contracting COVID-19, without more, do not constitute a compelling reason" to grant compassionate release. United States v. Ramadan, No. 20-1450, 2020 WL 5758015, at *2 (6th Cir. Sept. 22, 2020). Because Taylor merely raises her generalized fears of contracting COVID-19, without any indication that she is uniquely vulnerable in some way to the severe symptoms of COVID-19, Taylor's first basis for seeking compassionate release is denied.

Taylor's second reason for seeking compassionate release also does not establish an extraordinary and compelling reason warranting release. Although the Sixth Circuit held that U.S.S.G 1B1.13 does not apply to compassionate release motions filed by imprisoned individuals, it remains a measure by which district courts can evaluate what constitutes extraordinary and compelling circumstances. See United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) (noting that the substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of extraordinary and compelling reasons). The

3

Sentencing Commission has recognized that death or incapacitation of a caregiver of a defendant's minor child is an extraordinary and compelling reason warranting release.

Here, Taylor seeks compassionate release because she represents that she must care for her adult daughter. However, there are considerations that weigh against her release based on that reason. Taylor's daughter is not a minor, she is an adult, and Taylor's Presentence Investigative Report indicates that Taylor was not approved as a caregiver for her daughter, because her daughter was functioning normally. Gov't Resp. at 8-9. Taylor has not represented that her daughter has had any recent medical emergencies related to her medical condition. And while Taylor's uncle, who was helping to care for her daughter, recently had surgery for polyps, it is not clear why he cannot continue to assist with Taylor's daughter's care.

Taylor has not demonstrated extraordinary and compelling reasons rising to the level of death or incapacitation of a caregiver of a defendant's minor child. Given that Taylor's daughter is an adult, who has previously taken care of herself, and she has other family support, Taylor has not established extraordinary and compelling reasons warranting her release.

Because the Court finds no extraordinary and compelling reasons warranting Taylor's release, it need not consider the § 3553(a) factors. See Jones, 980 F.3d at 1106 (finding that compassionate release motions must follow an "order of analysis").

### III.   CONCLUSION

For the reasons stated above, Taylor's motion for compassionate release (Dkt. 21) is denied.

SO ORDERED.

Dated: January 4, 2021                                  s/Mark A. Goldsmith
       Detroit, Michigan                                MARK A. GOLDSMITH
                                                        United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 4, 2021.

                                                            s/Karri Sandusky
                                                            Case Manager