UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LATASHA M. TAYLOR,

    Defendant.
_____/

Case No. 19-20056
Hon. Mark A. Goldsmith

**ORDER & OPINION**
**DENYING DEFENDANT LATASHA M. TAYLOR'S MOTION FOR RECONSIDERATION (Dkt. 24)**

On November 13, 2020, Defendant Latasha M. Taylor filed motion for compassionate release (Dkt. 21). Taylor sought release based on (i) generalized dangers posed by COVID-19 and (ii) the need to care for her adult daughter. On January 4, 2021, the Court denied Taylor's motion for failure to show any extraordinary and compelling reasons warranting release, explaining that (i) "Taylor merely raise[d] her generalized fears of contracting COVID-19, without any indication that she is uniquely vulnerable in some way to the severe symptoms of COVID-19"; and (ii) Taylor's daughter is an adult—not a minor. Further, as to the last point, Taylor did not represent that "her daughter has had any recent medical emergencies related to her medical condition;" nor did she explain why "Taylor's uncle, who was helping to care for her daughter . . . cannot continue to assist with Taylor's daughter's care." 1/4/21 Opinion at 3-4 (Dkt. 23).

On January 19, 2021, Taylor mailed a letter to the Court asserting that (i) she is at high risk of severe illness from COVID-19 because she is "overweight" and "was a smok[er]" and (ii) she is her daughter's "only" caregiver. 1/19/21 Letter at 1 (Dkt. 24). The Court treats this letter as a

motion for reconsideration of the Court's opinion denying Taylor's motion for compassionate release. For the following reasons, Taylor's motion for reconsideration is denied.

The Court may grant a motion for reconsideration if the movant shows that: (i) a palpable defect mislead the parties and the Court and (ii) correcting the defect would result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." Olson v. Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). The Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." Id.

Taylor presents only two arguments as to why reconsideration is warranted. Taylor's first argument, that she is overweight and a smoker, is an impermissible attempt to use a motion for reconsideration to proffer new arguments or evidence that she could have brought up earlier. See United Precision Prods. Co., Inc. v. AVCO Corp., No. 06-14883, 2010 WL 11545083, at *1 (E.D. Mich. July 26, 2010) (citing Sault Ste. Marie Tribe v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)). And Taylor's second argument, that she is her adult daughter's "only" caregiver, is an impermissible attempt to use a motion for reconsideration as a vehicle to re-hash old arguments already ruled upon by the Court. See id. As a result, Taylor has not demonstrated any palpable error that misled the parties and the Court.

Accordingly, Taylor's motion for reconsideration (Dkt. 24) is denied.

SO ORDERED.

Dated: March 11, 2021  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 11, 2021.

                                                              s/Karri Sandusky
                                                              Case Manager